**DAIDO CORPORATION, Daido Kogyo Co., Ltd., & Enuma Chain Manufacturing Co., Ltd., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

and

**American Chain Association, Defendant–Intervenor.**

**Court No. 93–06–00311.
Slip Op. No. 94–174.**

United States Court of International Trade.

Nov. 10, 1994.

Arent Fox Kintner Plotkin & Kahn, Patrick F. O'Leary, Washington, DC, for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice, Jeffrey M. Telep, Patrick v. Gallagher, Jr., Atty.–Advisor, Office of the Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, for defendant.

Covington & Burling, David R. Grace and David E. McGiffert, Washington, DC, for defendant-intervenor.

## OPINION

CARMAN, Judge:

Plaintiffs contest the Department of Commerce's (Commerce) *Final Results of Redetermination Pursuant to Court Remand, Daido Corp. v. United States* (June 27, 1994) (*Remand Results*). Plaintiffs request the Court to remand the action to Commerce and claim that Commerce's *Remand Results* are not supported by substantial evidence. This Court retained jurisdiction over this matter during the pendency of Commerce's remand investigation.

## BACKGROUND

Daido Kogyo Co., Ltd., and Enuma Chain Manufacturing Co., Ltd. are Japanese manufacturers of roller chain. Daido Corporation is an importer of roller chain manufactured in Japan by Daido Kogyo and Enuma Chain. Defendant–Intervenor American Chain Association (American Chain) is a trade association, a majority of whose members produce roller chain in the United States. Commerce has conducted numerous administrative reviews of plaintiffs since 1973 when it determined roller chain, other than bicycle, imported from Japan was being sold at less than fair value.[1] *See Roller Chain, Other Than Bicycle, From Japan,* 38 Fed.Reg. 9226 (1973) (final determination). Plaintiffs have attempted to obtain revocation of the dumping determination since the mid–1970's.

At the request of American Chain, Commerce initiated reviews for both the 1991–1992 and 1992–1993 periods. Commerce initiated the 1991–1992 review and distributed questionnaires to plaintiffs. Plaintiffs did not answer the questionnaires and instead sought to enjoin Commerce from requiring questionnaires for the 1991–1992 administra-

---

1. Of these administrative reviews, in only the 1979–1980 review did Commerce determine that plaintiffs had above *de minimis* dumping mar-

gins. *See Roller Chain, Other Than Bicycle, From Japan,* 46 Fed.Reg. 44,488 (Dep't Comm.1981) (final results).

tive review until the conclusion of the ongoing 1990–1991 administrative review. Senior Judge Bernard Newman of this Court refused to grant the injunctive relief sought. *Daido Corp. v. United States,* 16 CIT 681, 796 F.Supp. 533 (1992). Subsequent to the Court's ruling, Commerce issued preliminary results of the 1990–1991 administrative review. *Roller Chain, Other Than Bicycle, From Japan,* 57 Fed.Reg. 41,471 (Dep't Comm.1992) (prelim. results). Commerce refused to consider revocation of the dumping order because of confidential information in its possession. *Id.* at 41,473.

Plaintiffs again applied to the Court for injunctive relief. Judge Aquilino of this Court granted plaintiffs' motion for a preliminary injunction enjoining Commerce from proceeding with the 1991–1992 review "pending completion of similar proceedings for the preceding year April 1, 1990 to March 31, 1991 and any judicial review of the result(s) thereof." *Daido Corp. v. United States,* 16 CIT 987, 998, 807 F.Supp. 1571, 1580 (1992). Commerce published its administrative review on May 27, 1993 for the period April 1, 1990 through March 31, 1991 and found *de minimis* margins, but declined to revoke. *Roller Chain, Other Than Bicycle, From Japan,* 58 Fed.Reg. 30,769 (Dep't Comm.1993) (final results). Commerce based its decision not to revoke on its "analysis of the comments received, and because of certain privileged information in [its] possession." *Id.* at 30,773–74.

On October 25, 1993, plaintiffs sought to enjoin Commerce from conducting the 1992–1993 administrative review. Plaintiffs withdrew their motion when Commerce requested a remand to reconsider its decision not to revoke set forth in the final results of Commerce's 1990–1991 administrative review. Commerce had requested the remand in order to reconsider its determination in light of additional relevant information which existed prior to the final publication of the 1990–1991 administrative review. Accordingly, the Court remanded the case to Commerce and ordered Commerce to determine whether it then possessed "sufficient information to revoke the outstanding antidumping duty order" against plaintiffs. *Daido Corp. v. Unit-*

*ed States,* 18 CIT ——, ——, 862 F.Supp. 373, —— (1994).

On June 27, 1994, Commerce again refused to revoke. *Remand Results* at 10–11. In the *Remand Results,* Commerce explained it had asked for the remand because "it was brought to [Commerce's] attention that certain additional information existed prior to publication of the final results." *Id.* at 3. Accordingly, Commerce requested the remand to reconsider its determination not to revoke the outstanding antidumping duty order against plaintiffs "in light of the additional information." *Id.* This additional, pre-existing information consisted of a January 13, 1993 Customs report provided to Commerce by Customs on May 26, 1994 which discussed Customs' investigation into allegations of antidumping fraud against plaintiffs. *Id.* at 3–4. The Customs report states that "no evidence of anti-dumping [sic] violations were [sic] discovered." Pls.' Br., Cmts. on Remand, App. I Doc. 3 at 1.

During the remand, Commerce asked Customs to clarify the report. *Remand Results* at 4. On June 13, 1994 Commerce received a letter from Customs signed for Stephen B. DeVaughn, Director of the Office of Investigative Programs. The letter states that:

We stated in our initial report that "no evidence of antidumping violations were discovered." This statement refers only to the initial findings of Customs Special Agents. Customs investigation into the antidumping allegations continued with the assistance of our Regulatory Audit Division. Customs investigation into the allegations of antidumping fraud was ongoing as of May 27, 1993.

Pls.' Br., Cmts. on Remand, App. I Doc. 2. In its remand determination, Commerce states that this June 13, 1994 letter from Customs "confirmed that, as of the time the Department issued its final determination, its antidumping fraud investigation was still ongoing." *Remand Results* at 4.

After addressing comments submitted by interested parties and in light of the supplemented record, Commerce decided not to revoke the antidumping finding. *Id.* at 10. Commerce stated that it had reached that determination "because the investigation into

alleged antidumping fraud had not yet been completed as of the publication date of the final results of review and determination not to revoke." *Id.* Accordingly, Commerce determined it could not conclude "on the basis of the supplemented record that it is not likely that Daido and/or Enuma will in the future sell roller chain, other than bicycle, from Japan at less than foreign market value." *Id.* at 10–11.

In this action, plaintiffs challenge Commerce's *Remand Results.* During the pendency of the instant litigation, plaintiffs sought a temporary restraining order and preliminary injunction to enjoin Commerce from conducting an administrative review of the period April 1, 1992 through March 31, 1993 prior to the resolution of this action. This Court refused to grant the injunctive relief sought. *Daido Corp. v. United States,* 18 CIT ——, ——, 862 F.Supp. 373, 378 (1994).

### CONTENTIONS OF THE PARTIES

Plaintiffs ask the Court to remand Commerce's *Remand Results* and advance several arguments to support this request. First, plaintiffs argue that this Court should order another remand because Commerce "prematurely terminated" the 1990–1991 administrative review. Plaintiffs claim that a Customs report,[2] "ostensibly dated May 1994," concludes that plaintiffs did not engage in antidumping fraud. Pls.' Br., Cmts. on Remand at 1–2. Plaintiffs argue that Commerce should have kept the 1990–1991 review open until the antidumping fraud investigation was complete. Plaintiffs contend that a remand ordering consideration of post-determination evidence is acceptable under current case law. Accordingly, plaintiffs ask this Court to remand this action and order Commerce to reconsider its determination in light of the Customs report.

Second, plaintiffs argue that the *Remand Results* are not supported by substantial evi-

dence. Plaintiffs disagree with Commerce's determination that the antidumping fraud investigation was not complete as of May 27, 1993, the publication date of the final determination. Plaintiffs support this assertion by attacking the credibility and reliability of Customs' June 13, 1994 letter to Commerce clarifying the January 13, 1993 Customs report. Plaintiffs also support their assertion by pointing to the statement in the January 13, 1993 Customs report that "no evidence of anti-dumping [sic] violations were [sic] discovered." In light of these arguments, plaintiffs contend that the *Remand Results* are not supported by substantial evidence and, therefore, this Court should remand this matter to Commerce to reconsider revocation.

Finally, plaintiffs argue in the alternative that the administrative record is deficient. Plaintiffs suggest that Commerce "artificially circumscribed the record to arrive at a preconceived result." *Id.* at 12. Accordingly, plaintiffs request an opportunity to supplement the administrative record by deposing certain officials and submitting a number of documents.

Defendant contends it properly refused to revoke the outstanding antidumping duty order against plaintiffs in defendant's *Remand Result.* First, defendant argues Commerce maintains broad discretion in its antidumping duty order revocation determinations. Second, defendant claims the contested determination is supported by substantial evidence. Defendant argues that Customs' antidumping fraud investigation of plaintiff was ongoing on May 27, 1993 and refutes plaintiffs' arguments concerning the reliability and credibility of Customs' June 13, 1994 letter to Commerce.

Defendant further argues that the administrative record should not be supplemented. Defendant argues that, generally, post-determination evidence is not properly included in the administrative record. Furthermore, plaintiffs' discovery requests are inappropri-

---

2. Plaintiffs explain:
    Plaintiffs do not have a copy of Customs' final investigative report. However, Plaintiffs have been told that the report was submitted to the Customs Regional Counsel in May 1994. The ITA [International Trade Administration]

has removed this information about submission of the final investigative report to the regional counsel in May 1994 from the administrative record.
Pls.' Br., Cmts. on Remand at 2 n. 3.

ate as they are "repugnant to fundamental principles of administrative law." Def.'s Reply at 12–13. Defendant concludes that this Court should deny plaintiffs' request to supplement the record and should sustain the *Remand Results* in their entirety.

Defendant–Intervenor concurs with defendant's contentions. According to defendant-intervenor, the administrative record is limited to evidence received or obtained during the administrative review. Based on the administrative record before Commerce at the time of its determination, Commerce could not meet the regulatory standard that would allow Commerce to revoke the outstanding antidumping duty order against plaintiffs. Furthermore, because Commerce's decision is supported by substantial evidence on the record, a reopening of the administrative record is inappropriate.

### STANDARD OF REVIEW

■ The Court must sustain Commerce's *Remand Results* if based upon substantial evidence on the record and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B) (1988). "Substantial evidence is something more than a 'mere scintilla,' and must be enough reasonably to support a conclusion." *Ceramica Regiomontana, S.A. v. United States,* 10 CIT 399, 405, 636 F.Supp. 961, 966 (1986) (citations omitted), *aff'd,* 5 Fed.Cir. (T) 77, 810 F.2d 1137 (1987). The presence of some contradictory evidence is not by itself sufficient reason for this Court to disturb a final determination by Commerce concerning the revocation of an outstanding antidumping duty order. "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966) (citations omitted).

### DISCUSSION

■ Under 19 U.S.C. § 1675(c), Commerce maintains broad discretion over the termination of an antidumping duty order. *See* 19 U.S.C. § 1675(c) (1988). The statute provides, "The administering authority *may* revoke, in whole or in part . . . an antidumping duty order . . . after review under this section." *Id.* (emphasis added). Through its regulations, Commerce has vested this discretion in the Secretary of Commerce.

> Whenever the Secretary determines that sales of merchandise subject to an Antidumping Finding or Order . . . are no longer being made at less than fair value . . . and is satisfied that there is no likelihood of resumption of sales at less than fair value, he *may* act to revoke or terminate, in whole or in part, such Order or Finding. . . .

19 C.F.R. § 353.54(a) (1988) (emphasis added).[3] This Court has interpreted the statute and regulation as conferring broad grants of discretion to the agency. *See, e.g., Matsushita Elec. Indus. Co., Ltd. v. United States,* 12 CIT 455, 463–64, 688 F.Supp. 617, 623, *aff'd* 7 Fed.Cir. (T) 13, 861 F.2d 257 (1988); *Toshiba Corp. v. United States,* 15 CIT 597, 599, 1991 WL 255440 (1991); *Sanyo Elec. Co., Ltd. v. United States,* 15 CIT 609, 611, 1991 WL 274458 (1991); *Daido Corp. v. United States,* 16 CIT 681, 686, 796 F.Supp. 533, 538 (1992).

■ Keeping this broad discretion in mind, this Court must determine whether Commerce's decision not to revoke the antidumping duty order against plaintiffs is supported by substantial evidence on the record and is otherwise in accordance with law. *See* 19 U.S.C. § 1516a(b)(1)(B) (1988). By statute, the administrative record for review consists of:

> (i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission *during the course of the administrative proceeding,* including all governmental memo-

---

**3.** In its preliminary results of the 1990–1991 review, Commerce explained that "[o]n August 11, 1988, the Department published its tentative determination to revoke the antidumping finding with respect to Daido and Enuma . . . and, as a result, we are considering this tentative revocation under the pre–1989 regulations." *Roller Chain, Other Than Bicycle, From Japan,* 57 Fed. Reg. at 41,472.

randa pertaining to the case and the record of ex parte meetings required to be kept by section 1677f(a)(3) of this title; and

(ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

19 U.S.C. § 1516a(b)(2)(A) (1988) (emphasis added). Here the administrative record includes, in part: a September 1, 1992 letter from Customs to Commerce informing Commerce of Customs' ongoing antidumping fraud investigation of plaintiffs; the January 13, 1993 Customs report discussing the investigation; and the June 13, 1994 letter from Customs to Commerce clarifying the meaning of the January 13, 1993 Customs report.

The Court finds this evidence adequate to support Commerce's determination that, because of the ongoing investigation of plaintiffs by Customs, Commerce could not conclude that "it is not likely that Daido and/or Enuma will in the future sell roller chain, other than bicycle, from Japan at less than foreign market value." *Remand Results* at 11; *see Consolo*, 383 U.S. at 620, 86 S.Ct. at 1026 (requiring courts to uphold agency determinations if supported by substantial evidence, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (citations omitted).

Plaintiffs complain, however, that Commerce's determination not to revoke is not supported by substantial evidence on the record. According to plaintiffs, the June 13, 1994 letter from Customs is "nothing but hearsay." Pls.' Br., Cmts. on Remand at 10. Accordingly, plaintiffs argue that the letter is not reliable or credible and therefore does not constitute substantial evidence upon which to base the remand determination. To evidence the letter's unreliability, plaintiffs contend that the statement in the January 13, 1993 Customs report that "no evidence of anti-dumping [sic] violations were [sic] discovered," contradicts the June 13, 1994 letter.

■ Plaintiffs contention that the *Remand Results* are not supported by substantial evidence because the June 13, 1994 letter is "nothing but hearsay" is without merit. As discussed above, the record for review consists of those materials before the agency during its May 27, 1993 determination and its remand determination. Even assuming, arguendo, that the June 13, 1994 letter constitutes hearsay, the administrative record contains enough additional evidence to support Commerce's determination that it could not revoke the outstanding antidumping duty order against plaintiffs. In other words, the June 13, 1994 letter was not the only evidence on the record.[4]

■ Furthermore, in reviewing the sufficiency of the evidence supporting the agency's determination, this Court is not to displace the agency as trier of fact. If an agency has considered potentially conflicting

---

4. For example, although the January 13, 1993 Customs report states that "no evidence of anti-dumping [sic] violations were [sic] discovered," the report also indicates that Customs was investigating undervaluation of entries. Pls' Br., Cmts. on Remand, App. I Doc. 3 at 1–2. (explaining that a Customs agent informed an employee of Daido Corporation that "his firm was under investigation by the [United States] Customs Service for, among other things, violations of the anti-dumping [sic] regulations as well as undervaluing its entries"). The report's synopsis further indicates that Customs requested its Regulatory Audit Division to assist in the investigation. *Id.* at 1 (stating that "Legal Counsel for Daido has attempted to provide a satisfactory explanation for these discrepancies. In the interim, the Regulatory Audit Division has been requested to render assistance."). In the Court's view, a Customs officers' on-site visit to exporters' facilities pursuant to an investigation into alleged anti-dumping violations which does not yield evidence of antidumping violations but which does raise questions concerning "discrepancies" does not render the antidumping violations portion of the investigation complete. To the contrary, the Court views the investigation into alleged antidumping violations and "discrepancies" as one, single investigation highly relevant to Commerce's analysis concerning whether to revoke the outstanding antidumping duty order against plaintiffs. Furthermore, even if the investigations are regarded as separate, Commerce may properly regard a Customs investigation uncovering evidence of "discrepancies" as calling into question the veracity of plaintiffs' representations concerning the antidumping matter. Therefore, the Court finds no merit in plaintiffs' argument that because the June 13, 1994 letter constitutes hearsay, the *Remand Results* are not supported by substantial evidence.

evidence, the possibility that alternative interpretations of the evidence exist is not sufficient reason to disturb the agency's decision. *See Consolo,* 383 U.S. at 620, 86 S.Ct. at 1026. Thus, this Court will not remand Commerce's *Remand Results* as unsupported by substantial evidence simply because an alternative evaluation of the January 13, 1993 Customs report and June 13, 1994 letter exists.

▮ Plaintiffs also ask this Court to remand the *Remand Results* and reopen the administrative record so that Commerce may consider a investigative Customs report, "ostensibly dated May 1994."[5] Plaintiffs complain that Commerce "prematurely terminated" the 1990–1991 administrative review thereby preventing consideration of the report. An order to remand and reopen the administrative record to consider this post-determination evidence, plaintiffs assert, is acceptable under the case law of this Court.

The well-settled case law of this Court refutes plaintiffs' contentions and indicates that "[t]he scope of the record for purposes of judicial review is based upon information which was 'before the relevant decision-maker' and was presented and considered 'at the time the decision was rendered.'" *Beker Indus. Corp. v. United States,* 7 CIT 313, 315, 1984 WL 3727 (1984) (citing S.Rep. No. 249, 96th Cong., 1st Sess. 247–48 (1979)

U.S.Code Cong. & Admin.News 1979, 381, 632–34); *see Neuweg Fertigung GmbH v. United States,* 16 CIT 724, 726–27, 797 F.Supp. 1020, 1022 (1992); *Ipsco, Inc. v. United States,* 13 CIT 489, 494–95, 715 F.Supp. 1104, 1109 (1989). Thus, consistent with the case law of this Court, it is not appropriate under these circumstances to remand the *Remand Results* in order to supplement the administrative record in this case.[6] Accordingly, the Court denies plaintiffs' request to remand the *Remand Results* to Commerce with an order to reopen the administrative record.[7]

The final matter before this Court is plaintiffs' complaint that the administrative record is deficient. Suggesting that Commerce "artificially circumscribed the record to arrive at a preconceived result," plaintiffs request the opportunity to supplement the administrative record by deposing certain officials and submitting a number of documents. In light of this Court's finding that the *Remand Results* are properly supported by substantial evidence on the record and that a reopening of the administrative record to admit post-determination evidence is not warranted in this case, plaintiffs' request to supplement the administrative record is denied.

## CONCLUSION

After considering all of plaintiffs' arguments, the Court holds Commerce's remand

---

5. *See supra* note 2 and accompanying text.

6. On remand, Commerce did examine Customs' June 13, 1994 letter clarifying the January 13, 1993 Customs report. Although this letter was created after the May 27, 1993 publication of Commerce's final determination, the letter embodied information already in existence as of the May 27, 1993 publication date. In other words, the June 13, 1994 letter served to clarify and explain pre-determination information. The letter did not introduce any post-determination information.

7. Plaintiffs have also cited this Court's decision in *Borlem S.A.–Empreedimentos Industriais v. United States,* 13 CIT 535, 718 F.Supp. 41 (1989) to support plaintiffs' contention that this Court should reopen and supplement the administrative record with post-determination evidence. The Court's decision in *Borlem,* however, is inapposite to plaintiffs' contention.

The only aspect of *Borlem* relevant to the instant litigation is that this Court did, under particular circumstances, remand a final determina-

tion to an agency for reconsideration. In *Borlem,* however, the circumstances included a mistake of fact—two exporters were dumping instead of only one. As the *Borlem* opinion explains, "[I]t would appear the ITC [International Trade Commission] made its finding of injury based upon material and significant inaccurate facts." 13 CIT at 541, 718 F.Supp. at 46.

In contrast to *Borlem,* the agency determination at issue here is not predicated on "material and significant inaccurate facts." Instead, plaintiffs request this Court to remand and reopen the administrative record to allow for consideration of an alleged May 1994 report containing a conclusion not rendered at the time the agency published its final determination. This Court's decision in *Borlem* does not stand for the proposition that the court should remand a final determination to an agency so that the agency may consider information which did not exist at the time of the final determination.

determination refusing to revoke Commerce's outstanding antidumping duty order against plaintiffs is supported by substantial evidence on the record and is otherwise in accordance with law insofar as it pertains to the claims of plaintiff. Accordingly, the Court denies plaintiffs' requested relief and sustains *Final Results of Redetermination Pursuant to Court Remand, Daido Corp. v. United States* (June 27, 1994) insofar as it pertains to the claims of plaintiffs.

### ORDER

This case having been duly submitted for decision and this Court, after remanding to the Department of Commerce to determine whether it possessed sufficient information to revoke the outstanding antidumping duty order covering roller chain, other than bicycle chain, from Japan, with respect to plaintiffs; and Commerce having reported the results of its remand determination to this Court; and plaintiffs having contested the results of the remand determination, after due deliberation, it is hereby

**ORDERED** the Department of Commerce's *Final Results of Redetermination Pursuant to Court Remand, Daido Corp. v. United States* is sustained insofar as it pertains to the claims of plaintiff; and it is further

**ORDERED** that plaintiffs' request for another remand is denied.