**CERAMICA REGIOMONTANA, S.A. and Industrias Intercontinental, S.A., Appellants,**

v.

**The UNITED STATES, et al., Appellees.**

**Appeal No. 86–1441.**

United States Court of Appeals, Federal Circuit.

Feb. 2, 1987.

---

**1138**

Irwin P. Altschuler, Brownstein Zeidman and Schomer, Washington, D.C., argued for appellants. With him on brief were Steven P. Kersner and David R. Amerine.

A. David Lafer, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellee U.S. With him on brief were Richard K. Willard, Asst. Atty. Gen. and David M. Cohen, Director.

Kevin P. O'Rourke, Howrey and Simon, Washington, D.C., argued for appellee Tile Council of America. With him on brief were David C. Murchison, John F. Bruce and Rosemary Henry.

Before NIES, BISSELL and ARCHER, Circuit Judges.

PER CURIAM.

Ceramica Regiomontana, S.A., and Industrias Intercontinental, S.A., appeal the judgment of the United States Court of International Trade, 636 F.Supp. 961 (1986) (Re, C.J.), which affirmed the final results of an administrative review by the Commerce Department's International Trade Administration (ITA) of a countervailing duty order for ceramic tile from Mexico. 49 Fed.Reg. 9,919 (1984). We affirm.

Ceramica and Industrias contend that the methodology used by the ITA to calculate the countervailing duty rates was improper as a matter of law and was not supported by substantial evidence.

■ Appellants urge that the Mexican government figures on certain benefits paid to exporters under the Mexican government's Certificado de Devolucion de

Impuesto (CEDI) program were "verified," and, as a matter of law, had to be used to calculate the duty. The ITA checked the two largest exporters, namely, appellants, found that their benefits were grossly understated, and that they had received the maximum CEDI benefits (15 per cent). This led the ITA to adopt for exporters receiving any CEDI benefits a methodology based on the maximum CEDI benefits because all exporters were entitled to receive that amount. Appellants, when pressed by the court at oral argument, could point to no evidence to support their "verification" argument. Appellants submitted no evidence with respect to the monetary benefits actually received by the other Mexican exporters who took advantage of the subsidy. Under these circumstances ITA was not required to use the figures supplied by the Mexican government.

Appellants argue that the trial court affirmed the agency's determination on grounds not expressly articulated by the agency. It is correct that a "reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." *SEC v. Chenery*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). That proposition, however, does not compel reversal of the judgment in this case. The ITA gave a full and rational explanation of the basis for its two-tier system, and the use of the maximum CEDI rate. The trial court found that "the ITA determined that the statistics submitted by the Mexican government with respect to CEDI benefits did not provide an adequate basis accurately to assess benefits under this program." 636 F.Supp. at 967. The ITA, not the court, rejected those statistics. The lack of an explicit statement in the agency's published notices to the effect that the ITA, therefore, utilized "the best information available" has prevented neither the trial court nor this court from discerning the path of the agency in its decision-making process. A court may "uphold [an agency's] decision of less than ideal clarity if the agency's

path may reasonably be discerned." *Bowman Transportation v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 286, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974); *Colorado Interstate Gas Co. v. FPC*, 324 U.S. 581, 595, 65 S.Ct. 829, 836, 89 L.Ed. 1206 (1945). No new ground was interjected by the trial court.

Accordingly, we affirm on the basis of the thorough opinion of the Court of International Trade.

AFFIRMED.