**CHINSUNG INDUS. CO., LTD.; Donam Indus. Co., Ltd.; Dong In Indus. Co., Ltd.; Dong Won Stationery Co., Ltd.; Eunjin Indus. Co., Ltd.; Eunjin Int'l Corp.; and Keywon, Inc., Plaintiffs,**

**v.**

**UNITED STATES of America and The International Trade Administration of the United States Department of Commerce, Defendants,**

**and**

**SPM Manufacturing Corp.; The Holson Co.; and Kleer–Vu Plastics Corp., Defendant–Intervenors.**

Court No. 86–01–00059.

United States Court of International Trade.

Feb. 7, 1989.

International Trade Administration (ITA or Commerce) for an order requiring the ITA to recalculate the less-than-fair value margin in this case on a company by company basis; requiring Commerce to use data reported by the staff of the ITA in their respective verification reports either as verified data pursuant to section 776(a) of the Tariff Act of 1930 (the Act), as amended, 19 U.S.C. § 1677e(a) (1982 & Supp.1986) as the best information available pursuant to sections 776(a) of the Act, as amended, 19 U.S.C. § 1677e(a), as the best information otherwise available pursuant to section 776(b) of the Act, as amended, 19 U.S.C. § 1677e(b) or a combination of these methods; and further requiring the ITA to use data developed regarding other plaintiff companies to recalculate less-than-fair value margins for plaintiff Dong Won Stationery Co., Ltd.

Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Michael J. Calhoun, Alexander P. Haig and Sheila A. Kraft, Washington, D.C., for plaintiffs Chinsung Indus. Co., Ltd., Donam Indus. Co., Ltd., Dong In Indus. Co., Ltd., Dong Won Stationery Co., Ltd., Eunjin Indus. Co., Ltd., Eunjin Int'l Corp., and Keywon, Inc.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Sheila N. Ziff, John D. McInerney, Washington, D.C., of counsel, Dept. of Commerce, for defendants.

Willkie, Farr & Gallagher, William H. Barringer and James P. Durling, Wald, Harkrader & Ross, Mark Schattner and Marilyn E. Kerst, Washington, D.C., for defendant-intervenors SPM Mfg. Corp., The Holson Co., and Kleer–Vu Plastics Corp.

## OPINION AND ORDER

CARMAN, Judge:

Plaintiffs move pursuant to Rule 56.1 of the Rules of this Court for judgment upon the agency record seeking a remand to the United States Department of Commerce,

## ISSUES

The questions presented by this case are (A) whether the determination by Commerce that all the data submitted by the plaintiffs was unverified or unverifiable, was supported by substantial evidence on the record or in accordance with law; and, if so, (B) whether the determination by Commerce that information provided by petitioners at the administrative level constitutes the best information available pursuant to 19 U.S.C. § 1677e(a) or the best information otherwise available pursuant to 19 U.S.C. § 1677e(b), is in accordance with law or is supported by substantial evidence on the record.

## BACKGROUND

This action was commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A) (1982 & Supp. 1986) to review the final determination by the ITA that photo albums and filler pages from Korea were or were likely to be sold at less-than-fair value. 50 Fed.Reg. 43,754 (Oct. 29, 1985).

After reviewing the petition, Commerce presented antidumping duty questionnaires to the plaintiff companies, which account for 64% of all exports of photo albums and

filler pages from Korea to the United States. *Id.* at 43,755.

Subsequently, Commerce presented cost of production questionnaires to plaintiffs and responses were duly received. *Id.*

In determining whether sales of the subject merchandise in the United States were made at less-than-fair market value, Commerce compared the United States price based on the best information available with foreign market value, also based upon the best information available. Commerce stated it used the best information available as required by section 776(b) of the Act because adequate responses were not submitted to Commerce from plaintiffs. *Id.*

## DISCUSSION

The requirement for verification as set forth at 19 U.S.C. § 1677e(a) provides in part:

(a) ... the administering authority shall verify all information relied upon in making—

(1) a final determination in an investigation,

. . . .

(b) ... In making ... determinations ... the administering authority and the Commission shall, whenever a party or any other person refuses or is unable to produce information requested *in a timely manner* or *in the form required,* or *otherwise significantly impedes an investigation,* use the best information otherwise available. (Emphasis added.)

Implementing regulations for verification of information and the use of the best information available provide at 19 C.F.R. § 353.51(a) and (b) (1986) in part:

(a) Information upon which a final determination is based shall be verified. . . .

(b) Whenever information cannot be satisfactorily verified, or is not submitted in a timely fashion or in the form required, the submitter of the information will be notified ald [sic] the affected determination will be made on the basis of the best information then otherwise available which may include the information submitted in support of the petition. An opportunity to correct inadequate submissions will be provided if the corrected submission is received in time to permit proper analysis and verification of the information concerned; otherwise no corrected submission will be taken into account.

As pointed out by defendant United States, Commerce has apparently treated various types of inadequate responses differently. Defendants' Memorandum in Opposition to Plaintiffs' Motion For Judgment Upon the Agency Record at 22–23 (Defendants' Memo). While Commerce has followed the set pattern of correcting inadequate responses where it could, where deficiencies were either too numerous or too serious to remedy in time, the best information available rule has been employed.[1] The administrative practice of Commerce in deciding when to use the best information available seems to indicate that where the failure to submit adequate information has been seen as deliberate by the ITA, Commerce has apparently heavily favored using alternative "best information available" least favorable to a respondent.[2] Where inadequate information has pertained to only one or two limited aspects of a response such as an adjustment to foreign market value for interest expense or currency conversion loss, Commerce has, rather than apply the best information otherwise available on a general basis, limited its use of the best information available to

**1.** *See, e.g., Certain Valves and Connections of Brass For Use In Fire Protection Systems From Italy,* 54 Fed.Reg. 3,520 (Jan. 24, 1989); *Industrial Belts and Components and Parts Thereof, Whether Cured or Uncured, From the Republic of Korea,* 53 Fed.Reg. 48,672 (Dec. 2, 1988); *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Italy,* 53 Fed.Reg. 45,324 (Nov. 9, 1988).

**2.** *See e.g. Industrial Belts and Components and Parts Thereof, Whether Cured or Uncured, From Israel,* 53 Fed.Reg. 48,670 (Dec. 2, 1988); *Light-Walled Welded Rectangular Carbon Steel Tubing From Taiwan,* 53 Fed.Reg. 46,900 (Nov. 21, 1988); *Shop Towels of Cotton From China,* 50 Fed.Reg. 26,020 (June 24, 1985); *Cellular Mobile Telephones and Subassemblies From Japan,* 50 Fed.Reg. 45,447 (Oct. 31, 1985).

the specific items affected. *Id.* at 23–24.[3] Commerce has also applied limited use of the best information available where they have received inadequate responses or no responses at all concerning a certain time period of an investigation.[4]

The administrative practice of Commerce appears to demonstrate that it has recognized constraints as to what it can, in the limited time available to it in conducting an antidumping investigation, do to remedy deficient responses.[5]

The Court observes that the practice of Commerce appears to be founded with reasonableness, common sense and pragmatism in mind.

There appears little question that plaintiffs' responses to the questions of Commerce in the instant case contained numerous omissions, allocation errors, oversights and miscalculations. Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Judgment on the Agency Record at 16–33 (Plaintiffs' Memo); Defendants' Memo at 8–20; Brief of Defendant–Intervenors at 1, 3, 9–17.

Plaintiffs argue that the disregard by Commerce of plaintiffs' verified data was not in accordance with law and in the alternative, if Commerce was correct in its determination that all of the information from each plaintiff was unverifiable, the decision by Commerce to reject plaintiffs' responses *in toto* and to substitute as its basis for the final determination the unexamined data presented by petitioners is not in accordance with law. Plaintiffs' Memo at 34–35. According to plaintiffs, the statutory provision of allowing Commerce to base its decision on the best information implies the requirement to weigh and compare various available information and to use information that can reasonably be considered best. *Id.* at 35.

This Court rejects plaintiffs' contentions out of hand. As defendant-intervenors point out, if plaintiffs' argument were to prevail the result would be to undermine the administrative process and shift the burden of creating an adequate record from respondents to Commerce. Brief of Defendant–Intervenors at 4.

Commerce, in its final determination aptly pointed out that it could not use only portions of a response that were verifiable since this "would allow respondents to selectively submit data that would be to their benefit in the analysis of their selling practices." 50 Fed.Reg. at 43,755.

In *Atlantic Sugar, Ltd. v. United States*, 2 Fed.Cir. (T) 130, 133–34, 744 F.2d 1556, 1560 (1984), the Court in discussing the best information rule stated:

... [I]t is set within the extremely short statutory deadlines which the Congress built into the new antidumping law and the resultant lack of time which the [agency] has ... Thus cooperation by the parties to the investigation is essential, as well as diligence by the [agency] staff, to gather the data needed for an accurate determination. Noncooperation by parties or other persons may ... be penalized, at least in the eyes of those parties or persons, by the [agency's] mandatory use of whatever other best information it may have available. In short, one may view the best information rule, as the [agency] urges, as an investigative tool, which that agency may wield as an informal club over recalcitrant parties or persons whose failure to cooperate may work against their best interest. One may as well view the rule in light of the legislative history ... as a club over the [agency's] head, which Congress has brandished to force that agency to arrive at *some* determination within the time allotted. 'Impossible' is a word Congress

---

3. *See e.g., Stainless Steel Sheet and Strap From France,* 49 Fed.Reg. 8,647 (Mar. 8, 1984); *Electric Motors From Japan,* 49 Fed.Reg. 32,627 (Aug. 15, 1984); *Color Television Receivers From Korea,* 49 Fed.Reg. 7,620 (Mar. 1, 1984)

4. *See e.g., Steel Wire Rope From Japan,* 53 Fed. Reg. 44,058 (Nov. 1, 1988).

5. *See e.g., Countervailing Duties, Final Rule,* 53 Fed.Reg. 52,306 (Dec. 27, 1988) (to be codified at 19 C.F.R. § 355); *Ball Bearings and Parts Thereof From Singapore,* 53 Fed.Reg. 45,339 (Nov. 9, 1988); *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Italy,* 53 Fed.Reg. 45,361 (Nov. 9, 1988).

does not want to hear in these complex cases. (Footnotes omitted.)

In *Ceramica Regiomontana, S.A. v. United States*, 10 CIT 399, 636 F.Supp. 961 (1986), *aff'd*, 810 F.2d 1137 (Fed.Cir.1987) (per curiam), the court held where the ITA found the information on subsidies provided by Mexico was inaccurate in material and significant respects, the agency was not required to use all information not proven correct.

Chief Judge Re stated: "Since the information supplied by the Mexican government was found, upon verification to be inaccurate in important respects, the ITA was under no obligation to use it even though some of it had not been proven inaccurate." 10 CIT at 406, 636 F.Supp. at 967.

The failure of plaintiffs to furnish the information requested to the agency in a timely manner and in the form required justified the ITA in using the best information available. *Ansaldo Componenti S.P. A. v. United States*, 10 CIT 28, 628 F.Supp. 198 (1986).

## CONCLUSION

This Court holds the agency's determination to employ the best information available was supported by substantial evidence of record or otherwise in accordance with the law. The final determination of sales at less than fair value with respect to photo albums and filler pages from Korea and its implementing order are affirmed and the complaint is dismissed.

## ORDER

Upon consideration of plaintiffs' motion for judgment upon the agency record, defendants' memorandum in opposition thereto and defendant-intervenors' brief in opposition thereto, and upon all other papers and proceedings herein, it is hereby

ORDERED, ADJUDGED, and DE-CREED that the determination by the International Trade Administration (ITA) to employ the best information available was supported by substantial evidence of record

or otherwise in accordance with the law; and it is further

ORDERED, ADJUDGED, and DE-CREED that *Photo Albums and Filler Pages From Korea; Final Determination of Sales at Less Than Fair Value*, 50 Fed.Reg. 43,754 (Oct. 29, 1985) and its implementing order, *Antidumping Duty Order; Photo Albums and Photo Album Filler Pages From Korea*, 50 Fed.Reg. 51,273 (Dec. 16, 1985), are hereby affirmed; and it is further

ORDERED, ADJUDGED and DE-CREED that plaintiff's motion is denied and the complaint is dismissed.