SALVATORE F. MORALDO, PLAINTIFF *v.* U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 95–01–00127

(Dated December 18, 1995)

*Salvatore F. Moraldo,* pro se, for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Laurel A. Loomis);* Office of the Solicitor, U.S. Department of Labor *(Michele Curran),* of counsel, for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* This matter is before the Court on plaintiff's USCIT Rule 56.1 motion for judgment upon the agency record. The Court exercises its jurisdiction pursuant to 28 U.S.C. § 1581(d)(1) (1988), and it denies plaintiff's motion.

## BACKGROUND

In November of 1994, three employees of the Canadian, Latin American Manufacturing Organization ("CLAMO"), a division of Xerox Corporation, filed a petition for certification of eligibility for trade adjustment assistance with the Secretary of Labor pursuant to 19 U.S.C. § 2271 (1988). The employees alleged that increased imports of office equipment from such places as Canada, Mexico, and Brazil had caused them to lose their jobs at CLAMO.

In response to the petition, the U.S. Department of Labor ("Labor") initiated an investigation. Labor found that although CLAMO employees worked in New York, they provided engineering support for manufacturing done in Canada and Latin America. Because CLAMO employees performed service in support of foreign, rather than domestic, manufacturing, Labor issued a determination denying the CLAMO petition for certification of eligibility for trade adjustment assistance.

On January 26, 1995, one of the CLAMO employees, Mr. Salvatore F. Moraldo, requested reconsideration of the denial of his petition. In his request, Mr. Moraldo informed Labor that employees of a different division of Xerox, the Office of Document Products, had received certification of eligibility for trade adjustment assistance. Mr. Moraldo asserted that employees of the Office of Document Products performed the same services as CLAMO employees, and were controlled by the same parent firm. Mr. Moraldo indicated that he failed to understand why Labor would deny the CLAMO petition for certification, but approve the petition of the workers at the Office of Document Products.

Labor responded by pointing out that employees of Xerox's Office of Document Products were distinguishable from CLAMO employees. Employees of the Office of Document Products performed services in

support of production in New York, while CLAMO employees performed services in support of production in Canada and Latin America. Labor concluded that it did not need to reconsider its earlier determination with regard to the CLAMO petition. Subsequently, Mr. Moraldo sought judicial review.

### DISCUSSION

The question presented to the Court is whether Labor's determination denying the CLAMO petition for certification is supported by substantial evidence and otherwise in accordance with law. *Former Employees of General Elec. Corp. v. United States Dept. of Labor,* 14 CIT 608, 611 (1990). Substantial evidence is more than a mere scintilla; it is evidence that reasonably supports a conclusion. *Ceramica Regiomontana, S.A. v. United States,* 10 CIT 399, 405, 636 F. Supp. 961, 966 (1986), *aff'd,* 5 Fed. Cir. (T) 77, 810 F.2d 1137 (1987). Upon review, the Court finds that Labor's determination denying the CLAMO petition is supported by substantial evidence and otherwise in accordance with law for the reasons which follow.

Statutory provisions and case law provide that workers must have contributed to the domestic production of import-impacted articles in order to qualify for trade adjustment assistance. More specifically, 19 U.S.C. § 2102 (1988) states, in pertinent part, that the purpose of the act authorizing trade adjustment assistance is to "provide adequate procedures to safeguard American industry and labor against unfair or injurious import competitions." Further, 19 U.S.C. § 2272(a) (1988) specifies that Labor must find, among other things, that increased imports contributed importantly to an absolute decrease in sales of like products made by a group of workers in order to certify the group as eligible for assistance.[1] If workers did not actually make import-impacted articles, but instead performed services, Labor must find that the workers' services contributed importantly to the production of import-impacted articles in order to certify them as eligible for assistance. *Abbot v. Donovan,* 8 CIT 237, 241, 596 F. Supp. 472, 475–76 (1984).

CLAMO workers do not qualify for certification of eligibility for trade adjustment assistance because they did not contribute to the domestic production of import-impacted articles. Instead of contributing services to the production of Xerox equipment made in the United States, CLAMO workers contributed services to the production of articles made in Canada and Latin America. Consequently, Labor had a rational basis for distinguishing CLAMO workers from the workers who received cer-

---

[1] Specifically, in order to certify that workers are eligible for trade adjustment assistance, the Secretary of Labor must determine:

    (1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,
    (2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and
    (3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a) (1988).

tification at the Office of Document Products.[2] Workers at the Office of Document Products qualified for certification because they contributed services to the production of import-impacted articles made at Xerox's Webster, New York plant.[3]

## CONCLUSION

For the foregoing reasons, the Court will affirm the determination of the Secretary of Labor denying plaintiff's petition for certification of eligibility for trade adjustment assistance. Consequently, it is hereby

ORDERED that plaintiff's motion for judgment upon the agency record is DENIED. Judgment will be entered accordingly.

[2] *See Woodrum v. Donovan,* 5 CIT 191, 200-01, 564 F. Supp. 826, 833-34 (1983) (holding that Labor may treat classes of workers disparately where it has a rational basis for doing so), *aff'd* 2 Fed. Cir. (T) 82, 737 F.2d 1575 (1984).

[3] Labor certified that the workers at the Webster plant were eligible to apply for trade adjustment assistance.