USINOR SACILOR, Unimétal,
and Ascométal, Plaintiffs,

v.

The UNITED STATES, Defendant,

and

Inland Steel Bar Company,
Defendant–Intervenor.

Slip Op. 97–177.
Court No. 93–04–00230.

United States Court of
International Trade.

Dec. 18, 1997.

Weil, Gotshal & Manges (M. Jean Anderson and Gregory Husisian) for Usinor Sacilor, Unimétal, and Ascométal, plaintiffs.

Frank W. Hunger, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Reginald T. Blades, Jr.); Office of Chief Counsel for Import Administration, United States Department of Commerce (Terrence J. McCartin), of counsel, for defendant.

Wiley, Rein & Fielding (Charles Owen Verrill, Jr., Alan H. Price, and Peter S. Jordan) for Inland Steel Bar Company, defendant-intervenor.

## MEMORANDUM and OPINION

GOLDBERG, Judge.

This matter is before the Court after the United States Department of Commerce, International Trade Administration ("Commerce"), issued its final results of redetermination on July 28, 1997 ("*Third Redetermination*").[1] Commerce issued the *Third Redetermination* pursuant to this Court's most recent remand decision, *Usinor Saci-*

---

1. A detailed factual review of the underlying administrative proceeding giving rise to this action is set out in *Usinor Sacilor v. United States*, 19 CIT ——, 893 F.Supp. 1112 (1995) (*"Usinor I"*).

lor v. United States, —— CIT ——, 966 F.Supp. 1242 (1997) ("*Usinor III*").

In *Usinor III*, this Court held that Commerce, in its *Second Redetermination*, dated March 25, 1997, failed to comply with the Court's instructions in *Usinor Sacilor v. United States*, —— CIT ——, 955 F.Supp. 1481 (1997) ("*Usinor II*"). In *Usinor II*, this Court held that under 19 U.S.C. § 1671 (1988), Commerce must consider all economic evidence available in the administrative record to determine the portion of a firm's total production that will be used to calculate a countervailing duty rate; Commerce's decision to rely solely on evidence that the French government intended to aid French domestic production, and on evidence that the French government had sufficient control over Usinor Sacilor to effectuate its intent (*i.e.*, the "intent-plus-control" test), when other evidence on the economic effects of the subsidies was available on the record, was not based on a reasonable interpretation of the statute in light of congressional intent. —— CIT at ——, 955 F.Supp. at 1488. Thus, the Court in *Usinor II* remanded and directed that Commerce examine all relevant evidence, including the likely effects of the subsidies on non-French production. *Id.*

In *Usinor III*, the Court concluded that Commerce failed to comply with this directive in the *Second Redetermination*. —— CIT at ——, 966 F.Supp. at 1244. Specifically, the Court in *Usinor III* held the evidence on record could not support Commerce's factual finding that the use of subsidies was not effected by Usinor Sacilor's transfer of funds to its non-French production facilities. *Id.* Thus, in *Usinor III*, the Court remanded to Commerce a third time, instructing it to consider "all direct economic evidence on the likely effects of subsidies and to adjust the countervailing duty in light of this evidence." *Id.* at 1244–45.

Today, the Court reviews Commerce's *Third Redetermination*. On this occasion, Commerce's redetermination is sustained. The Court also takes this opportunity to address assertions made by both defendant, Commerce, and defendant-intervenor, Inland Steel Bar Company ("Inland"), that the Court unlawfully ordered Commerce to recalculate the countervailing duty rate. The Court exercises jurisdiction in this matter under 28 U.S.C. § 1581(c) (1988).

## STANDARD OF REVIEW

When reviewing an agency's factual findings, the Court must uphold the agency if its findings are supported by substantial evidence. 19 U.S.C. § 1516a(b)(1)(B) (1988). "Substantial evidence is something more than a 'mere scintilla,' and must be enough reasonably to support a conclusion." *Ceramica Regiomontana, S.A. v. United States*, 10 CIT 399, 405, 636 F.Supp. 961, 966 (1986) (citations omitted), *aff'd*, 5 Fed. Cir. (T) 77, 810 F.2d 1137 (1987). In applying this standard, the Court affirms agency factual determinations that are reasonable and supported by the record when considered as a whole, even though there may be evidence that detracts from the agency's conclusions. *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. (T) 130, 138, 744 F.2d 1556, 1563 (1984). Yet, it is also an axiom of administrative law that "an agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n. of United States v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (citation omitted). *See also Geneva Steel v. United States*, —— CIT ——, ——, 914 F.Supp. 563, 615 (1996).

## DISCUSSION

The Court is satisfied that Commerce, in the *Third Redetermination*, appropriately reviewed economic evidence on the effect of subsidies in addition to the "intent-plus-control" factors. Moreover, after giving the economic evidence due consideration, as directed in *Usinor III*, Commerce also correctly incorporated this evidence when it calculated the countervailing duty rate. All parties to this action agree that the *Third Redetermination* is consistent with the Court's remand instructions in *Usinor III*. *See Letter from M. Jean Anderson to the Hon. William M. Daley*, (July 21, 1997) (stating that the remand results are consistent with the Court's decision in *Usinor III*); *Def.'s Reply Cmts.*

on *Final Results of Redetermination Pursuant to Ct. Order* at 2 ("*Def.'s Reply Cmts.*") (same); *Def.-Int.'s Cmts. on Final Results of Redetermination Pursuant to Ct. Remand* at 2 ("*Def.-Int.'s Cmts.*") (same). The Court therefore finds that Commerce has reviewed all the economic evidence on the record, not simply the "intent-plus-control" factors, and, in doing so, has appropriately adjusted the countervailing duty rate to accord with 19 U.S.C. § 1671 as interpreted by the Court in *Usinor II* and *Usinor III*.

▪ Although both Commerce and Inland agree that the *Third Redetermination* is consistent with the Court's remand order, that is not the end of the matter, at least for these parties. Commerce and Inland maintain that, while Commerce followed the Court's order from *Usinor III*, the Court did not have the power to issue such an order. Commerce and Inland assert that the Court's order in *Usinor III* is contrary to law. *See Def.'s Reply Cmts.* at 2; *Def.-Int.'s Cmts.* at 2; *Letter from Charles Owen Verrill, Jr. to Hon. William M. Daley* at 2 (July 21, 1991)(by ordering Commerce "to amend the countervailing duty to reflect the evidence of transfers from the parent company to non-French production operations … the Court unlawfully substituted its judgment for that of [Commerce] on a factual determination.").

Commerce and Inland misapprehend the holdings of the Court in *Usinor II* and *Usinor III*. In *Usinor II,* the Court considered Commerce's use of the "intent-plus-control" test. As discussed in *Usinor II,* Commerce adopted the "intent-plus-control" test to determine the relevant portion of a firm's production that should be used to calculate the countervailing duty rate because the statute is silent on the method that should be used to make this determination. *See* 19 U.S.C. § 1671 (1988). After applying this test, Commerce determined the subsidies likely benefitted only Usinor Sacilor's domestic French production and, therefore, its non-French production should be excluded from the calculation of the countervailing duty. *Usinor Sacilor II,* —— CIT at ——, 955 F.Supp. at 1487.

It is well settled that under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), it is within the Court's province to assess whether an agency's interpretation of a statute is reasonable when the statute is silent or ambiguous with respect to a specific issue. 467 U.S at 843. Therefore, under *Chevron,* the Court had the opportunity to decide whether Commerce's decision to adopt the "intent-pluscontrol" test was based on a permissible construction of 19 U.S.C. § 1671.

This is precisely the task the Court performed in *Usinor II.* After finding that the language of 19 U.S.C. § 1671 was silent on the issue at hand, the Court in *Usinor II* assessed the reasonableness of Commerce's test by reviewing the legislative history of the statute. In so doing, the Court observed that "[t]he legislative history reflects Congress' intent that Commerce ascertain which products are likely to have benefitted from countervailable subsidies when it determines how it will allocate the value of such subsidies." —— CIT at ——, 955 F.Supp. at 1487 (citing S.Rep. No. 96–249, at 85 (1979), *reprinted in* 1979 U.S.C.C.A.N. 381, 471 ("Reasonable methods of allocating the value of … subsidies over the production or exportation of the products benefitting from the subsidy must be used."); H.R.Rep. No. 96–317, at 75 (1979) ("[I]n calculating the *ad valorem* effect of non-recurring subsidy grants or loans, reasonable methods of allocating the value of such subsidies over the production or exportation of products benefitting from them will be used.")). Using this legislative history as a guide, the Court in *Usinor II* rejected Commerce's test, finding that, as applied, the test effectively foreclosed review of relevant economic evidence on the effect of subsidies. Thus, the Court held that it was unreasonable for Commerce to rely exclusively on the "intent-plus-control" factors when the administrative record contains other economic evidence that Commerce could consider. *Id.* at 1488. Consequently, the Court remanded in *Usinor II,* directing Commerce to determine what constituted the relevant portion of Usinor Sacilor's production by assessing the economic evidence contained in the administrative record. *Id.*

In *Usinor III*, the Court was obliged to review the factual findings Commerce made in its *Second Redetermination (i.e.,* those made pursuant to the Court's remand instructions in *Usinor II ). Usinor III* thus came before the Court solely as a "substantial evidence" case. The Court in *Usinor III* concluded that Commerce's review of the economic evidence amounted to no more than conclusory statements that the effect of the transfer of funds to non-French production should be accorded "marginal weight," and that the evidence of transfers was outweighed by the "intent-plus-control" factors. Commerce failed to articulate a reasoned analysis as to why the other economic evidence was insufficient, and why it should be accorded only marginal weight. Thus, unsurprisingly, the Court in*Usinor III* held Commerce's factual findings were not supported by substantial evidence. — CIT at ——, 966 F.Supp. at 1244.

In doing so, the Court in *Usinor III* did not interpose its own analysis for that of Commerce. Rather, after a hard look at the record evidence, the Court concluded Commerce ignored direct and conclusive evidence on the likely effect of the subsidies. *Id.* at 1244. *See also Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971) (stating that "the inquiry into the facts is to be searching and careful."); *Jeannette Sheet Glass Corp. v. United States,* 11 CIT 10, 15, 654 F.Supp. 179, 183 (1987) (citations omitted) (a court may reverse an agency's action where there "is no rational nexus between the facts found and the choices made."). Because the Court in *Usinor III* deemed Commerce's factual findings unsupported by record evidence, the Court again remanded to Commerce. Accordingly, Commerce and Inland's contention that the Court acted contrary to the law in *Usinor III* is without merit.

## CONCLUSION

For the foregoing reasons, the Court finds that Commerce's remand results are consistent with law and supported by substantial evidence on the record. Accordingly, Commerce's remand results are sustained. Judg-ment and order thereon is entered accordingly.

### JUDGMENT ORDER

Upon consideration of the Department of Commerce's, International Trade Administration ("Commerce"), submission of its *Final Results of Redetermination Pursuant to Court Remand, Usinor Sacilor, v. United States, Slip Op. 97-70 (May 30, 1997) (*"Remand Results*) (*July 28, 1997), and all comments filed regarding the Remand Results, it is hereby

**ORDERED** that the Remand Results are Sustained in all respects; and it is further

**ORDERED** that, all other issues having been previously decided in this case, judgment is entered in accordance with the Court's opinions in*Usinor Sacilor v. United States,* 893 F.Supp. 1112 (C.I.T. 1995), *Usinor Sacilor v. United States,* 955 F.Supp. 1481 (C.I.T. 1997), and *Usinor Sacilor v. United States,* 966 F.Supp. 1242 (C.I.T. 1997).