**AMERICAN SILICON TECHNOLOGIES, Elkem Metals Company, Globe Metallurgical, Inc., and SKW Metals & Alloys, Inc., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

and

**Companhia Ferroligas Minas Gerais–Minasligas and Eletrosilex Belo Horizonte, Defendant–Intervenors.**

Slip Op. 98–110.
Court No. 96–10–02313.

United States Court of International Trade.

July 30, 1998.

---

**1122**

Baker & Botts, L.L.P. (William D. Kramer and Martin Schaefermeier), Washington, DC, for Plaintiffs.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, (John K. Lapiana), of counsel, Betsy Seastrum, Senior Counsel, David R. Mason, Jr., Office of Chief Counsel, Import Administration, U.S. Department of Commerce, Washington, DC, for Defendant.

Bishop & Wallace (Wayne S. Bishop), Washington, DC, for Defendant–Intervenor.

Dorsey & Whitney (Phillippe M. Bruno), Washington, DC, for Defendant–Intervenor.

## OPINION

MUSGRAVE, Judge.

Plaintiffs, American Silicon Technologies, Elkem Metals Company, Globe Metallurgical, Inc., and SKW Metals & Alloys, Inc. (collectively "American Silicon"), move for judgment upon the agency record contesting the final results of the second administrative review of the antidumping order on silicon metal from Brazil. *Silicon Metal From Brazil; Final Results of Antidumping Duty Administrati[ve] Review,* 61 Fed.Reg. 46,763 (1996) (*"Final Results"*). American Silicon requests that the Court: (1) remand the U.S. Department of Commerce's ("Commerce") interest income calculations for respondents Companhia Brasileira Carbeuto de Calcio ("CBCC") and Eletrosilex Belo Horizonte ("Eletrosilex"); and (2) affirm *Silicon Metal From Brazil: Amended Final Results of Antidumping Duty Administrative Review,* 62 Fed.Reg. 47,441 (1997) (*"Amended Final Results"*) as to all other issues.

### Background

Subsequent to the filing of American Silicon's motion, nine (9) of the initial fourteen (14) alleged errors were corrected by Commerce in its *Amended Final Results.*[1] With respect to four additional issues, American Silicon now agrees with Commerce that no calculation errors were committed. The sole issue before the Court is whether Commerce

---

**1.** The *Amended Final Results* were issued in response to this Court's order remanding the case to Commerce for correction of ministerial errors. In its reply brief, American Silicon correctly points out that additional ministerial errors in the *Amended Final Results* were subsequently corrected by Silicon Metal From Brazil, Redetermination on Remand, Consideration of September 18, 1997 Ministerial Error Allegations, Court No. 96–10–02313 (November 25, 1997).

properly calculated interest income for CBCC and Eletrosilex. As to this issue, the parties agree that a remand is necessary.

### Standard of Review

In reviewing antidumping determinations, the Court "shall hold unlawful any determination, finding, or conclusion found ... to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988). "Substantial evidence is something more than a 'mere scintilla,' and must be enough reasonably to support a conclusion." *Ceramica Regiomontana, S.A. v. United States,* 10 CIT 399, 405, 636 F.Supp. 961, 966 (1986), *aff'd, Ceramica Regiomontana, S.A. v. United States,* 5 Fed.Cir. (T) 77, 810 F.2d 1137 (1987) (citations omitted).

### Discussion

American Silicon alleges that Commerce deviated from established practice and made determinations unsupported by substantial evidence on the record when Commerce calculated interest income for CBCC and Eletrosilex. The Court agrees.

■ In calculating the net financial expenses included in cost of production and constructed value, Commerce generally "subtract[s] from total financial expenses only interest income derived from short-term investments...." Br. in Supp. of Pls.' Mot. for J. Upon the Agency R. at 8; Def.'s Am.Mem. in Partial Opp'n to Pls.' Mot. for J. Upon the Agency R. at 6 ("Def.'s Am.Mem."). *See also, Certain Stainless Steel Wire Rods From France: Final Results of Antidumping Duty Administrative Review,* 62 Fed. Reg. 7206, 7213 (1997); *Final Determination of Sales at Less Than Fair Value: Dynamic Random Access Memory Semiconductors of One Megabit and Above From the Republic of Korea,* 58 Fed.Reg. 15,467, 15,473 (1993). However, in this case, Commerce admits that it failed to determine whether its interest income calculations for CBCC and Eletrosilex were based solely upon short-term investments.

■ "It is 'a general rule that an agency must either conform itself to its prior decisions or explain the reasons for its departure....'" *Hussey Copper, Ltd. v. United States,* 17 CIT 993, 997, 834 F.Supp. 413, 418 (1993) (quoting *Citrosuco Paulista, S.A. v. United States,* 12 CIT 1196, 1209, 704 F.Supp. 1075, 1088 (1988)). When the Court finds that an agency has departed from past practice without an adequate explanation for the basis of the departure, the agency's determination must be rejected.

■ By failing to ensure that its interest income calculations were limited to short-term investments, the Court finds that Commerce departed from past practice and made offsets unsupported by substantial evidence on the record. This issue is therefore remanded to Commerce. Upon remand, Commerce shall ensure that any reduction of reported interest expenses for CBCC and Eletrosilex is based upon income specifically derived from short-term investments. The Court affirms the *Amended Final Results* as to all other issues.

### Conclusion

Therefore, upon reading plaintiffs' Motion for Judgment Upon the Agency Record, defendant's response thereto, and upon due consideration of all other papers and proceedings had herein, the Court hereby remands the *Amended Final Results* as to Commerce's calculation of CBCC's and Eletrosilex's interest income. All other issues are affirmed.

### ORDER

Upon reading plaintiffs' Motion for Judgment Upon the Agency Record, defendant's response thereto, and upon due consideration of all other papers and proceedings had herein, it is hereby:

**ORDERED** that this case is remanded to the Department of Commerce who shall reconsider its treatment of interest income and ensure that any reduction of reported interest expenses for CBCC and Eletrosilex is based upon income specifically derived from short-term investments; and it is further

**ORDERED** that the *Amended Final Results* are affirmed as to all other issues, and it is further

**ORDERED** that the remand results are due within ninety (90) days of the date that this order is entered. Any comments or responses by the parties to the remand results are due within thirty (30) days thereafter. Any rebuttal comments are due within fifteen (15) days of the date that the comments or responses are due.