Slip Op. # 08-19

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| DUS & DERRICK, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before: Richard K. Eaton, Judge |
| | : | |
| | : | Court No. 05-00346 |
| UNITED STATES SECRETARY | : | |
| OF AGRICULTURE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

OPINION

[United States Department of Agriculture's final determination granting plaintiff's application for trade adjustment assistance affirmed.]

Dated: February 6, 2008

*Steven D. Schwinn*, for plaintiff.

*Jeffrey S. Bucholtz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Michael J. Dierberg*), for defendant.

Eaton, Judge:  In *Dus & Derrick, Inc. v. United States Secretary of Agriculture*, 31 CIT __, 469 F. Supp. 2d 1326 (2007) ("*Dus & Derrick I*"), this court remanded to the United States Department of Agriculture (the "Department") its determination denying plaintiff's application for cash benefits under the Trade

Adjustment Assistance ("TAA") for Farmers program.  In its

written opinion, the court concluded that the Department's

regulations were an impermissible interpretation of Congress's

clear intent embodied in 19 U.S.C. § 2401e(a)(1)(C)(2002).  *See*

*Dus & Derrick I*, 31 CIT at __, 469 F. Supp. 2d at 1333.

Specifically, the court found that the Department's regulations

were unlawful to the extent that: (1) under the facts of this

case, they "provide for the comparison of non-consecutive years

when determining whether a producer has satisfied the statutory

net income requirement;" and (2) they provide for years other

than the "most recent year" and the "latest year" when selecting

the years for comparison.[1]  *Id.* at __, 469 F. Supp. 2d at 1335.

Further, the court determined that the Department may not rely

solely on an applicant's tax returns to deny benefits based on

net income, when other information is properly submitted to the

Department.  *Id.* at __, 469 F. Supp. 2d at 1337-38.  The court

remanded the matter to the Department with instructions to

---

[1]  The statutory criteria that must be met in order for an individual producer to receive a cash payment are as follows:

> (1) Requirements . . .
>
> > (C) The producer's net farm income (as determined by the Secretary) for the most recent year is less than the producer's net farm income for the latest year in which no adjustment assistance was received by the producer under this part.

19 U.S.C. § 2401e(a)(1).

construct a methodology for considering Dus & Derrick, Inc.'s

("Dus & Derrick") application that comported with the court's

opinion.[2]  *Id.* at __, 469 F. Supp. 2d at 1338.

    The court now reviews the Department's remand

determination.  *See* Reconsideration Upon Remand of the

─────────────

    [2]  The court notes a caveat with respect to the language
found in its previous opinion.  In *Dus & Derrick I*, the court
made the following statements:

> For the court, the language of 19 U.S.C.
> § 2401e(a)(1)(C) is clear in its instruction
> that consecutive years must be compared when
> determining whether a producer has satisfied
> the net income requirement.

31 CIT at __, 469 F. Supp. 2d at 1333.  And,

> [A]t least with respect to individual
> applications for benefits made pursuant to
> re-certifications, the court finds that the
> regulations are not a permissible
> interpretation of the statute, which clearly
> expresses Congress's intent that consecutive
> years be compared.

*Id.* at __, 469 F. Supp. 2d at 1335.

    There are factual situations, not before this court, to
which these summaries of the law would not apply.  Subsection
(a)(1)(C) of 19 U.S.C. § 2401e provides that, as a part of its
application for benefits, a producer must certify that its "net
farm income . . . for the most recent year is less than the
producer's net farm income for the latest year *in which no
adjustment assistance was received* by the producer under this
part [19 U.S.C. §§ 2401 *et seq.*]." (emphasis added).

    Thus, in those cases where a producer has not received TAA
benefits in the year previous to the "most recent year," the
court's statements remain true.  Where benefits have been
received in the year immediately preceding the "most recent
year," the statute directs the comparison of non-consecutive
years.

Application of Dus & Derrick, Inc. ("Remand Determination").
Jurisdiction lies under 19 U.S.C. § 2395(c).  For the reasons set
forth below, the Department's Remand Determination is affirmed.


BACKGROUND

The facts of this case are contained in *Dus & Derrick I* and
need not be repeated here.  Nonetheless, the sequence of events
leading to that decision and to plaintiff's application for cash
benefits remains relevant.

The Texas Shrimp Association ("TSA") filed a group petition
with the Department in October 2003.  *See* TAA for Farmers, 68
Fed. Reg. 60,078 (Dep't of Agric. Oct. 21, 2003) (notice).  The
Department granted the petition on November 19, 2003.  *See* TAA
for Farmers, 68 Fed. Reg. 65,239 (Dep't of Agric. Nov. 19, 2003)
(notice) ("Upon investigation, the [Department] determined that
increased imports of farmed shrimp contributed importantly to a
decline in the landed prices of shrimp in Texas by 27.8 percent
during [the] January 2002 through December 2002 [marketing year],
when compared with the previous 5-year [1997 through 2001]
average.").

On November 30, 2004, using 2003 as the "marketing year,"
the Department re-certified the TSA and its member producers as
eligible to apply for TAA benefits.  TAA for Farmers, 69 Fed.
Reg. 69,582 (Dep't of Agric. Nov. 30, 2004) (notice) ("Upon

investigation, the [Department] determined that continued increases in imports of like or directly competitive products contributed importantly to a decline in the average landed price of shrimp in Texas by 33.7 percent during the 2003 marketing period (January-December 2003), compared to the 1997-2001 base period.").  In accordance with the re-certification, producers such as plaintiff became "eligible to apply for fiscal year 2005 benefits during a 90-day period beginning on November 29, 2004 . . . [and] clos[ing] on February 28, 2005."  *Id*.

On January 19, 2005, plaintiff, having never applied under the original certification, applied for benefits for the first time under the re-certification.  *See* Application for Trade Adjustment Assistance (TAA) of Dus & Derrick, Inc. ("Pl.'s Application"), Admin. R. ("AR") at 1.  In reviewing plaintiff's application pursuant to its regulations, the Department compared plaintiff's net income, as reported on line 28 of its Form 1120 corporate income tax returns, for 2003 as the "marketing year"[3] and 2001 as the "pre-adjustment year."[4]  *See Dus & Derrick I*, 31 CIT at __, 469 F. Supp. 2d at 1329-30.  On March 7, 2005, the

---

[3] " *Marketing year* means the marketing season or year as defined by National Agriculture Statistic Service (NASS), or a specific period as proposed by the petitioners and certified by the Administrator."  7 C.F.R. § 1580.102 (2005).

[4] " *Pre-adjustment* year means the tax year previous to that associated with the most recent marketing year in the initial producer petition."  7 C.F.R. § 1580.102.

Department denied plaintiff's application stating that plaintiff was "denied a TAA cash benefit because [it] failed to meet the net income requirement, in accordance with 7 CFR Part 1580.401(e)." *See* Letter from Ronald Lord, Deputy Director Import Policies and Program Division to Dus & Derrick, Inc. (Mar. 7, 2005), AR at 55.

The lawfulness of the years compared in determining whether plaintiff met the net income requirement and the adequacy of the documentation relied upon by the Department in its net income analysis were the subjects of the court's opinion in *Dus & Derrick I*. Relying on the plain language of the statute, the court ordered the Department to disregard its regulations and directed it to determine if plaintiff's net income was "less" in 2004 ("the most recent year") than in 2003 ("the latest year in which no adjustment assistance was received by the producer"). *Id.* at __, 469 F. Supp. 2d at 1334-35; *see also* 19 U.S.C. § 2401e(a)(1)(C). As to the adequacy of the evidence used in the determination, the court directed that plaintiff be given an opportunity to place on the record further documents relating to its 2003 and 2004 income. *Dus & Derrick I*, 31 CIT at __, 469 F. Supp. 2d at 1337-38.

On remand, the Department advised plaintiff that it was re-opening the record and invited plaintiff to submit any additional documentation that it wished the Department to consider in making

its 2003/2004 net income comparison.[5]  *See* Letter from Lana

Bennett, Director, Import and Trade Support Programs Division, to

Dus & Derrick, Inc. (Mar. 20, 2007), Suppl. Admin. R. ("SR") at

1-2; *see also* Letter from Lana Bennett, Director, Import and

Trade Support Programs Division, to Dus & Derrick, Inc. (May 2,

2007), SR at 4-5; 7 C.F.R. § 1580.301(e).[6]

---

[5]  Specifically, the Department wrote:

> In accordance with the Court's Order, we are
> providing you an opportunity to submit
> documentation for our consideration in making
> the determination whether the net fishing
> income for 2004, the year which the Court
> states on page 22 of its Order is the most
> recent year, was less than the net fishing
> income for 2003, the year which the Court
> states is the latest year in which no
> adjustment assistance was received by the
> producer.

SR at 1.  In its Remand Determination, the Department compared
plaintiff's net income in the years 2003 and 2004 in reaching its
findings.  *See* Remand Determination at 1; *Dus & Derrick I*, 31 CIT
at __, 469 F. Supp. 2d at 1335 ("A plain reading of the statute .
. . demands that, for an application made in 2005, net income for
2004 (the 'most recent year') must be compared to that earned in
2003 ('the latest year in which no adjustment assistance was
received by the producer').") (footnote omitted).  Because the
court concluded that a comparison of the years 2003 and 2004 was
required by the statute, and in light of the Department's
improper reliance solely on line 28 of plaintiff's tax returns,
it directed that the record be re-opened for additional
information to be submitted.  *See Dus & Derrick I*, 31 CIT at __,
469 F. Supp. 2d at 1338.

[6]  The Department's second letter, dated May 2, 2007,
advised plaintiff that it had no information regarding
plaintiff's 2004 net income, including plaintiff's 2004 tax
return.  SR at 4.  This letter also appears to reflect the
Department's belief that its proposed methodology upon remand

(continued...)

Plaintiff responded to the Department's letters by a May 30, 2007 letter.  *See* Letter from Susie Jackson, Bookkeeper, to Import and Trade Support Programs Division (May 30, 2007), SR at 6-7.  This letter submitted "additional information" with respect to plaintiff's tax return for the calendar year 2004 and explained plaintiff's reasons for asking the Department to consider information other than that found on Line 28 of its tax returns.  *See* SR at 6-7.

On June 20, 2007, the Department issued its Remand Determination, finding that plaintiff's tax returns indicated that plaintiff's "net fishing income for 2004, the year which the Court states is the most recent year, was less than [plaintiff's] net fishing income for 2003, the year which the Court states is the latest in which no adjustment assistance was received by" plaintiff.  Remand Determination at 1.  The Department compared Line 28 of plaintiff's 2003 tax return (showing plaintiff's 2003 taxable income before net operating loss deductions and special deductions) to the corresponding Line 28 of plaintiff's 2004 return, and concluded that its net income declined between those years, and thus that plaintiff was eligible for TAA cash benefits.  *See id.*  The Department then found plaintiff eligible to receive the statutory maximum TAA payment of $10,000.00.  *Id.*

---

[6](...continued)
comported with the court's analysis in *Dus & Derrick I.*  *See* SR at 4.

at 2.

Plaintiff filed comments to the Remand Determination on July 11, 2007.  *See* Pl.'s Comments Reconsideration Upon Remand ("Pl.'s Comments").  Plaintiff's Comments concurred with the results of the Remand Determination to the extent that the Department found that plaintiff's net income declined from 2003 to 2004, and that plaintiff was eligible to receive $10,000.00 in TAA benefits. Plaintiff asked the court to issue a final judgment affirming the Remand Determination's results and to order the Department to pay plaintiff $10,000.00.[7]  *See* Pl.'s Comments at 1-2.

STANDARD OF REVIEW

This court has "jurisdiction to affirm the action of . . . the Secretary of Agriculture . . . or to set such action aside, in whole or in part."  19 U.S.C. § 2395(c).  The Department's TAA

---

[7]  While agreeing with the result, plaintiff appears to argue that the manner in which the Department arrived at that result was somehow improper.  *See* Pl.'s Comments 1.  The Department's July 23, 2007 response, on the other hand, asks for affirmance on those grounds invoked by the Department.  *See* Def.'s Resp. Pl.'s Comments Upon Remand ("Def.'s Resp.") 1, 4. The Department states that plaintiff did not identify any errors in the Remand Determination.  Def.'s Resp. 3-4.  It points to the Supreme Court's decision in *Securities & Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943), to support the position that "an agency's decision generally may only be affirmed upon the grounds relied upon by the agency." Def.'s Resp. 3.  The Department is correct in its contention that, because plaintiff did not identify any errors in its analysis, the court need not address whether or not the Department's determination could be sustained on alternative grounds.  Def.'s Resp. 4.

eligibility determination should be upheld if supported by substantial evidence and otherwise in accordance with law.  *See* 19 U.S.C. § 2395(b).  The court "for good cause shown, may remand the case to [the Department] to take further evidence, and [it] may thereupon make new or modified findings of fact and may modify [its] previous action"); *Former Employees of Swiss Indus. Abrasives v. United States*, 17 CIT 945, 947, 830 F. Supp. 637, 639-40 (1993).  The scope of review of an agency's actions is limited to the administrative record.  *Defenders of Wildlife v. Hogarth*, 25 CIT 1309, 1315, 177 F. Supp. 2d 1336, 1342-43 (2001).


                              DISCUSSION

     Upon remand, the Department was obligated to "adhere closely to the court's outstanding order[].  Failure to do so unnecessarily absorbs the time of counsel and the court, does not promote respect for the rule of law, and may result in sanctions in unfortunate cases."  *Vertex Int'l*, *Inc. v. United States*, 30 CIT __, __, Slip Op. 06-35 at 1 (Mar. 8, 2006) (not reported in the Federal Supplement).  Here, the Department's actions upon remand comported with the court's opinion in *Dus & Derrick I.* This is demonstrated by the Department's actions in: requesting more information from plaintiff in its March 20, 2007 letter (*see* SR at 1-3); advising plaintiff of its intention to use 2003 and 2004 as the years of comparison (*see* SR at 4-5); and, explaining

its decision for granting plaintiff's application in the Remand Determination.

In addition, while there may be further evidence that could have supported its findings, the Department has cited evidence sufficient to satisfy the substantial evidence test.  That is, having found that a comparison of line 28 of plaintiff's tax returns for the years 2003 and 2004 demonstrated that plaintiff's "net . . . income . . . for the most recent year is less than . . . for the latest year in which no adjustment assistance was received by the producer under this part" the Department did not find it necessary to examine any of the other evidence submitted by plaintiff.  *See* 19 U.S.C. § 2401e(a)(1)(C); Remand Determination at 1; *see also Former Employees of Merrill Corp. v. United States*, 31 CIT __, __, 483 F. Supp. 2d 1256, 1264 (2007) ("Substantial evidence must be sufficient to reasonably support the agency's conclusion and must be more than a mere scintilla.") (citing *Ceramica Regiomontana, S.A. v. United States*, 10 CIT 399, 405, 636 F. Supp. 961, 966 (1986), *aff'd*, 810 F.2d 1137 (Fed. Cir. 1987)) (internal quotations and citation omitted).  Thus, because a comparison of plaintiff's 2003 and 2004 tax returns is sufficient to justify a finding that plaintiff satisfied the requisite decline in net income under 19 U.S.C. § 2401e(a)(1)(C)[8]

_____

[8]  *See also* 7 C.F.R. § 1580.301(e)(4) (requiring plaintiff to "[certify] that net farm or fishing income was less than that
(continued...)

and, because plaintiff met all the other statutory requirements, it is eligible to receive TAA benefits.

While the Department has complied with the court's remand instructions, it has indicated that it does not agree with the court's conclusions in *Dus & Derrick I*.[9]  *See* Remand Determination at 1.  Thus, the Department continues to maintain that this court must accord *Chevron* deference to its interpretation of the statute.[10]  It is appropriate, therefore,

_____

[8](...continued)
during the producer's pre-adjustment year").

[9]  The Department's Remand Determination states that the "agency respectfully disagrees with the Court that 2004 constitutes the most recent year and that 2003 constitutes the latest year in which no assistance was received by the producer." Remand Determination at 1.  It indicates that it compared these years "under protest" and that plaintiff is eligible to receive cash benefits "[i]f this Court's decision is the final decision after all opportunities for appeal have been exhausted."  *Id.*

[10]  When a court reviews an agency's construction of a statute which it administers, it uses the two-step process set forth in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984) ("*Chevron*").  The first step looks at whether Congress has spoken directly to the issue and the second, where Congress's intent is unclear, looks at "whether the agency's answer is based on a permissible construction of the statute."  *Chevron*, 467 U.S. at 842-43.  "If Congress has spoken and its intent is clear, the court and the agency must give effect to that objective."  *Former Employees of Fisher & Co., Inc. v. United States Dep't of Labor*, 30 CIT __, 507 F. Supp. 2d 1321, 1325 (2006); *see also Bd. of Governors of the Fed. Reserve Sys. v. Dimension Fin. Corp.*, 474 U.S. 361, 368 (1986) (stating that a court's deference cannot allow an agency to deviate from the clearly expressed intent of Congress).  The only issue then becomes whether the agency's action contravenes Congress's intent.  *See Adair v. United States*, 497 F.3d 1244, 1252 (Fed. Cir. 2007); *Agro Dutch Foods Ltd. v. United States*, 24

(continued...)

to briefly restate the reasons for the court's conclusions here.

In *Dus & Derrick I*, the court instructed the Department to construct a methodology that would result in a comparison of net income for 2003 with that of 2004.  The court's instruction was based on the facts of this case.  Here, Dus & Derrick did not receive any benefits in 2004, the year prior to its application. As a result, a comparison of consecutive years is directed by the statute.  That is, the statute directs that a producer must demonstrate that its net income for the "most recent year" is less than its net income for the "latest year *in which no adjustment assistance was received* by the producer . . . ."  19 U.S.C. § 2401e(a)(1)(C) (emphasis added).  For the court, this is a clear statutory direction to the Department to compare 2004 (the "most recent year" to Dus & Derrick's application) to 2003 (the latest year in which no benefits were received by plaintiff).  Therefore, the court found in *Dus & Derrick I*, that "[a]s applied to the facts of this case . . . the language of 19 U.S.C. § 2401e(a)(1)(C) is clear in its instruction that consecutive years must be compared when determining whether a

---

[10](...continued)
CIT 510, 515, 110 F. Supp. 2d 950, 956 (2000) (concluding that Congress's intent was clear, rejecting plaintiff's argument to the contrary, and not reaching *Chevron*'s second step); *Torres v. Office of Pers. Mgmt.*, 124 F.3d 1287, 1290 (Fed. Cir. 1997) ("Because the meaning of the statute is clear and Congress has spoken, we do not reach [defendant's] argument regarding the asserted reasonableness of the agency's interpretation.").

producer has satisfied the net income requirement."  *Dus &*

*Derrick I,* 31 CIT at __, 469 F. Supp. 2d at 1333.

The court also found that the statute contained the clear

instruction that 2004 and 2003 were the years to be compared.

*See id.* at __, 469 F. Supp. 2d at 1345 ("A plain reading of the

statute . . . demands that, for an application made in 2005, net

income for 2004 (the 'most recent year') must be compared to that

earned in 2003 ('the latest year in which no adjustment

assistance was received by the producer').")(footnote omitted).

As noted, the Department's regulations provide for a

different comparison.  Under the regulations, individual

producers must demonstrate that their net income for the

"marketing year"[11] "was less than that during the producer's

---

[11]  Under 7 C.F.R. § 1580.301, the two years that must be
compared are found by referencing the regulation's definitions.
Pursuant to the regulation, individual producers must "certif[y]
that net . . . fishing income was less than that during the
producer's pre-adjustment year," but the regulation does not
itself state which year's income must be less than that of the
"pre-adjustment year."  *See* 7 C.F.R. § 1580.301(e)(4).  The
definition of "net fishing income," however, provides guidance.
"Net fishing income means net profit or loss, excluding payments
under [C.F.R. Part 1580], reported to the Internal Revenue
Service for the tax year that most closely corresponds with the
marketing year under consideration."  7 C.F.R. § 1580.102.
"Marketing year" is defined as "the marketing season or year as
defined by National Agriculture Statistic Service (NASS), or a
specific period as proposed by the petitioners and certified by
the [Department]."  7 C.F.R. § 1580.102.  The Department's TAA
application for individual producers, however, does not use the
term "marketing year," but instead uses the term "Crop Year,"
though not in its "Producer Certification" provision.  *See, e.g.,*
Pl.'s Application, AR at 1.

pre-adjustment year." *See* 7 C.F.R. § 1580.301(e)(4). The

"pre-adjustment year" is defined as "the tax year previous to

that associated with the most recent marketing year in the

initial producer petition." *See* 7 C.F.R. § 1580.102. According

to the Department, the "initial producer petition" is "the

initial petition filed by the group of producers, in this case

the Texas Shrimp Association . . . [and] does not refer to the

individual producer's initial application for benefits." *See*

Def.'s Resp. to Pl.'s Mot. for J. Agency R. ("Def.'s Resp. J.

Agency R.") 8-9. Thus, the regulations direct that Dus &

Derrick's 2005 application for individual benefits result in a

comparison of 2003, the group's "marketing year," to 2001, the

group's "pre-adjustment year." As a result, the regulations do

not provide for a comparison of years based on the producer's

most recent experience, as directed by the statute. Rather, the

regulations make the comparison between the "marketing year" in

the group's petition for benefits, with the group's "pre-

adjustment year." *See* 7 C.F.R. § 1580.301.

As was stated in *Dus & Derrick I*:

> [T]he court finds that the language of the
> statute did not invite the Department to
> devise an alternative definition for the
> phrase "most recent year." For the court,
> that phrase can only refer to the year
> preceding that of the application. The
> statutory phrase "is less than" clearly
> indicates that a comparison is to be made
> between two years. Plaintiff was denied
> benefits based on a comparison between 2003

> as the marketing year to 2001 as the pre-adjustment year. A plain reading of the statute, however, demands that, for an application made in 2005, net income for 2004 (the "most recent year") must be compared to that earned in 2003 ("the latest year in which no adjustment assistance was received by the producer").[12]

31 CIT at __, 469. F. Supp. 2d at 1335 (footnote omitted). It is worth noting that the Department does not argue that 2003 is the latest year for which information was available. Nor does the Department argue for the reasonableness of its regulation based on the availability of information or efficiency of administration. Rather, the Department merely insists that the years chosen for comparison in its regulations are a reasonable interpretation of the words of the statute. *See generally* Def.'s Resp. J. Agency R. 8-11.

Notwithstanding the Department's arguments, *Chevron* deference does not extend to regulations that clearly violate the

---

[12] As time passes, the Department's regulations could produce results unlikely to conform to the TAA's purposes. *See generally* Trade Act of 1974, Pub. Law 93-618, 88 Stat. 1978 (1975). Such results could occur, for example (assuming the continued existence of the TAA program and that TSA members remained eligible to apply for benefits), if the Department continued to re-certify the TSA annually beyond 2005, through 2010. If, in 2011, a producer, who never applied under any previous certification, applied for benefits under a 2010 re-certification, the following would occur.

The Department would compare the producer's net income from 2001, the "pre-adjustment year," with the "marketing year" that was used in the petition for re-certification, which would be 2009.

intent of Congress.  *See Chevron*, 467 U.S. at 843 n.9 ("The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent.").  As the Federal Circuit recently stated:

> When Congress has spoken clearly, through the use of unambiguous words . . . neither [an administrative agency] nor this Court is "permitted to substitute [its] own definition for that of Congress, regardless of how close the substitution may come to achieving the same result as the statutory definition, or perhaps a result that is arguably better."

*See Agro Dutch Indus. Ltd. v. United States*, 508 F.3d 1024, 1033 (Fed. Cir. 2007) (quoting *AK Steel Corp. v. United States*, 226 F.3d 1361, 1372 (Fed. Cir. 2000) (second alteration in original).

CONCLUSION

In accordance with the court's instructions, the Department has now compared consecutive years and found that a comparison of plaintiff's tax returns for the years 2003 and 2004 demonstrates a decline in income.

Therefore, for the reasons stated, the Department's Remand Determination complies with the remand instructions and is affirmed.

/s/Richard K. Eaton
Richard K. Eaton

Dated: February 6, 2008
       New York, New York