# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CONSTANCE OMOREGBE,
       Appellant,

v.

DEPARTMENT OF DEFENSE,
       Agency.

DOCKET NUMBER
DC-0841-19-0443-I-2

DATE:  March 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Constance Omoregbe, Arlington, Virginia, pro se.

Anette H. Veldhuyzen, Esquire, Fort Belvoir, Virginia, for the agency.

Justin P. Sacks, Esquire, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which found that the Board lacks jurisdiction over the denial of her application for a Voluntary Separation Incentive Payment (VSIP) and affirmed the agency's denial of her application to retire pursuant to a Voluntary Early Retirement Authority

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

(VERA).  For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the initial decision to the extent it found that the Board lacks jurisdiction over the appellant's application for a VSIP, and REVERSE the initial decision to the extent it found that the agency properly denied the appellant's application for a VERA retirement.

## BACKGROUND

The appellant was a Registered Nurse in the "0610" series with the Department of Defense (DoD).  *Omoregbe v. Department of Defense*, MSPB Docket No. DC-0841-19-0443-I-2, Appeal File (I-2 AF), Tab 9 at 4, 16.  In early 2018, the agency notified its employees of the opportunity to apply for retirement under a VERA and a VSIP.  *Omoregbe v. Department of Defense*, MSPB Docket No. DC-0841-19-0443-I-1, Initial Appeal File (IAF), Tab 8 at 21-73.  The agency informed employees that, although applications were considered on a case-by-case basis, nurses in the "0610" series were generally ineligible to receive a VSIP.  IAF, Tab 7 at 63; I-2 AF, Tab 9 at 5, 15.  Under the agency's policies, if it were to approve an employee for a VSIP, that employee's position must be "abolished or restructured."  I-2 AF, Tab 9 at 5, 17.  However, approval for a VERA alone only required that applicants meet the age and service requirements.  IAF, Tab 7 at 58; I-2 AF, Tab 9 at 15.

The appellant timely applied for a joint VERA and VSIP.  I-2 AF, Tab 9 at 4, 16.  Her second-line supervisor denied her application based on the agency's need to retain nurses.[2]  *Id*. at 5, 17.  The appellant separately submitted an application for retirement under the Federal Employees' Retirement System (FERS).  IAF, Tab 7 at 45, Tab 8 at 28.  Due to an error in routing the appellant's VERA/VSIP application, she did not learn of the agency's decision prior to the

_____

[2] The parties stipulated that this individual ultimately did not have the authority to deny the appellant's application.  I-2 AF, Tab 9 at 5.  Rather, she should have made a denial recommendation and passed the application up to higher levels.  *Id*.

effective date of her retirement, May 31, 2018.[3]  I-2 AF, Tab 9 at 5.  On that day, the agency informed the appellant of this error and of her ability to alter her date of retirement before it went into effect.  *Id.*  The appellant nonetheless did not alter her date of retirement and retired effective May 31, 2018, without a VERA/ VSIP approval.  *Id.*

Following her retirement, the appellant contacted the agency's human resources department and indicated that she would not have retired had she known that her VERA/VSIP was not approved.  *Id.* at 6.  The agency offered the appellant an opportunity to return to duty full time and await a decision on her VERA/VSIP application, but she declined to do so.  IAF, Tab 7 at 37-38, 42-43; I-2 AF, Tab 9 at 6.  Because the appellant had retired by that point, her VERA/VSIP application was never officially denied.  I-2 AF, Tab 9 at 6.

The appellant filed a separate appeal alleging that her retirement was involuntary.  *Omoregbe v. Department of Defense*, MSPB Docket No. DC-0752-19-0439-I-1, Initial Appeal File (0439 IAF), Tab 1 at 6.  The administrative judge therein dismissed the appeal for lack of jurisdiction. *Omoregbe v. Department of Defense*, MSPB Docket No. DC-0752-19-0439-I-1, Initial Decision (0439 ID) at 1 (May 29, 2019); 0439 IAF, Tab 11.  The appellant did not file a petition for review in that case, and the initial decision became final on July 3, 2019.  0439 ID at 8.

During this time, the appellant also filed the instant appeal, challenging the agency's failure to properly process her VERA/VSIP application and the denial of her application.  IAF, Tab 1 at 6-7.  The administrative judge issued an initial decision finding that the appellant timely filed her appeal within 1 day of learning of her appeal rights.  I-2 AF, Tab 21, Initial Decision (I-2 ID) at 6-8.  The administrative judge additionally found that the Board lacked jurisdiction over

---

[3] After correcting the delay in routing, the appellant's application was routed to the second-line recommender, who also recommended denying the application based on mission needs.  I-2 AF, Tab 9 at 5, 18.  Her application was then routed to human resources.  *Id.* at 5.

the VSIP portion of the appellant's VERA/VSIP application. I-2 ID at 5. Finally, the administrative judge found that the appellant failed to meet her burden of proving her entitlement to retire under the VERA. I-2 ID at 8-9. Specifically, she failed to show that her position was to be abolished or restructured following her retirement, which the administrative judge found was a VERA eligibility requirement. *Id.* The administrative judge was not persuaded by the appellant's argument that other nurses were granted VERA/VSIP in the past, observing that the appellant failed to present any evidence that those nurses were assigned to similar work units, had similar duties, or that their positions were not abolished or restructured following their retirement. I-2 ID at 9.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to her petition for review, and the appellant has replied to its response. PFR File, Tabs 3, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly held that the Board lacks jurisdiction over VSIP applications.

The administrative judge here held that a VSIP denial, covered by 5 U.S.C. chapter 35, is not within the Board's jurisdiction. I-2 ID at 5. The appellant does not specifically challenge this finding on review, and we agree with the administrative judge.

A VSIP denial is not appealable to the Board under any law, rule, or regulation. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (finding the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation). The Board generally has jurisdiction over determinations affecting the rights or interests of an individual under FERS, the statutes for which are located in 5 U.S.C. chapter 84. 5 U.S.C. § 8461(e)(1). However, as cited by the agency, the authority for a VSIP is covered in 5 U.S.C. chapter 35. 5 U.S.C. § 3523; IAF, Tab 7 at 72. Furthermore, under agency policy, VSIPs are paid from accounts held by the

agency or its activities.  IAF, Tab 17 at 17.  If VSIPs were retirement benefits under 5 U.S.C. chapter 84, they would be paid from the Civil Service Retirement and Disability Fund, which they are not.  *Id.*; *see* 5 U.S.C. §§ 3523(b)(7) (reflecting that VSIPs are paid from "appropriations or funds available for . . . basic pay"), 8401(6), 8463 (reflecting that FERS benefits come from the Civil Service Retirement and Disability Fund).  Nor are VSIPs to be a basis for payment or included in the calculation of any type of benefit.  *See* 5 U.S.C. §§ 3523(b)(5), 9902(f)(5)(B).  Accordingly, we agree with the administrative judge's determination that the Board lacks jurisdiction over the appellant's claim that the agency improperly denied her a VSIP.

The administrative judge erroneously found that the appellant was not entitled to a VERA.

The administrative judge below found that the agency properly denied the appellant's VERA request based on the agency's need to retain nurse positions, and that the appellant otherwise failed to demonstrate entitlement to a VERA. I-2 ID at 8-9.  The appellant on review argues that she sufficiently demonstrated she met the VERA requirements as those requirements were presented by the agency.  PFR File, Tab 1 at 4.  We agree with the appellant and find that the agency's need to retain nurse positions was only a condition of obtaining a VSIP.

The parties do not dispute the administrative judge's determination that the Board has jurisdiction over this matter.  I-2 ID at 5.  We discern no reason to reach a different conclusion.  A VERA denial is appealable to the Board as an administrative action or order affecting an individual's rights or interests under FERS.  *See* 5 U.S.C. § 8461(e)(1); *Adams v. Department of Defense*, 688 F.3d 1330, 1336 (Fed. Cir. 2012) (finding that adverse VERA benefits decisions are covered under FERS).  Although a VERA is generally covered by OPM, the Secretary of Defense has a separate statutory authority to establish a VERA program to be administered according to the regulations established by the Secretary.  *Compare* 5 C.F.R. § 842.213 (setting forth the procedures for

establishing a VERA through OPM), *with* 5 U.S.C. § 9902(f)(1), (7) (providing that the Secretary of Defense has the authority to offer separation incentives pursuant to the agency's regulations). The Board has held that when an agency has the authority to make a VERA determination, and the agency has not issued a final decision and does not intend to do so, the Board will deem the agency to have denied the appellant's request. *See Dawson v. Department of Agriculture*, 121 M.S.P.R. 495, ¶ 17 (2014) (reaching this conclusion under the 5 U.S.C. § 8347(d)(1), which grants the Board jurisdiction over decision under the Civil Service Retirement System (CSRS)); *compare* 5 U.S.C. § 8347(d)(1) (reflecting the Board's jurisdiction over CSRS retirement matters), *with* 5 U.S.C. § 8461(e)(1) (containing similar language regarding the Board's jurisdiction over FERS retirement matters).

The agency here has authority through the Secretary of Defense to make a determination on the appellant's retirement coverage, i.e., her VERA application. 5 U.S.C. § 9902(f)(1). Although the agency never officially denied her VERA application, both her second-line supervisor and the second-line recommender recommended disapproval based on the mission needs. I-2 AF, Tab 9 at 5-6, 17-18. Because the appellant has since retired, the agency has stated it does not intend to process her application or make a final decision. I-2 AF, Tab 9 at 5-6, Tab 19 at 13. Under these circumstances, we deem the agency to have denied the appellant's application to retire with a VERA benefit. *Dawson*, 121 M.S.P.R. 495, ¶ 17. Accordingly, the Board has jurisdiction over this denial. *Id.*

The VERA and the VSIP here were established via the Secretary of Defense's authority in 5 U.S.C. § 9902. I-2 AF, Tab 9 at 15, Tab 17 at 10-11, 22. Under these provisions, the Secretary of Defense may place limitations and conditions on receipt of both a VERA and a VSIP. 5 U.S.C. § 9902(f)(7). The agency's application here for a VERA and/or a VSIP places specific limitations on the receipt of a VSIP, noting that individuals in positions deemed "mission critical," including nurses in the "0610" series, are typically not eligible. I-2 AF,

Tab 9 at 15. However, the application places no such limitation on eligibility for a VERA. Rather, the only limitations on a VERA are that the employee be in a permanent appointment and, as applicable to the appellant, be over 50 years old, have 20 years of service, and have been employed by the agency for a continuous period of more than 30 days prior to February 5, 2018. IAF, Tab 7 at 45; I-2 AF, Tab 9 at 15.

The appellant's application here was for a "VERA with VSIP." I-2 AF, Tab 9 at 16. The application states, and the parties stipulated, that in order for a VSIP to be approved, the occupied position "must be abolished or restructured." *Id.* at 5, 17. Thus, the parties stipulated that, in order to approve the appellant's joint VERA/VSIP application, the agency would have to give up a nurse position. *Id.* at 5. However, this stipulation applies to the appellant's joint application only, and does not comment on the appellant's eligibility for a VERA alone. As the administrative judge observed, the agency does not dispute that the appellant met the age and service requirements for a VERA under the statute and agency regulations. I-2 ID at 8. Indeed, the appellant's retirement Standard Form 50 states that she was over 50 years old, in a permanent position, and had over 20 years of service. IAF, Tab 7 at 45. There is nothing in the record to suggest that she had not been employed by the agency for a continuous period of more than 30 days prior to February 5, 2018. Accordingly, we find that the appellant met the requisite age and service requirements for a VERA as set forth in the agency's VERA/VSIP application and DoD's internal policies. I-2 AF, Tab 9 at 15, Tab 17 at 22-23.

Under 5 U.S.C. § 9902(f)(1), the Secretary of Defense "may establish a program . . . for early retirement, . . . separation incentive pay . . . , or both." 5 U.S.C. § 9902(f)(1). The agency's application here lists the eligibility requirements for a VERA and a VSIP separately. I-2 AF, Tab 9 at 15. Moreover, the application includes separate check boxes for a VERA only, a VSIP with voluntary retirement, a VSIP with voluntary resignation, and a VERA with a

VSIP. *Id.* at 16. Nothing in the record or the applicable statutes and regulations suggests that an application for both a VERA and a VSIP renders an individual ineligible to receive one without the other. *See* I-2 AF, Tab 17 at 24 (stating in the agency's policy that employees who receive a VSIP "may or may not be the same as those who retire under VERA"). Indeed, both recommended disapprovals of the appellant's application state the mission-critical nature of her position as the reason for disapproval. I-2 AF, Tab 9 at 17-18. Given that mission-critical positions are only listed as ineligible under the VSIP portion of the eligibility requirements on the application, it is clear that the agency's denial of the appellant's application was based on her ineligibility to receive a VSIP alone. *Id.* at 15-18. Accordingly, the administrative judge erred in affirming the agency's denial of the VERA portion of the appellant's application. *See Torres v. Office of Personnel Management*, 124 F.3d 1287, 1291 (Fed. Cir. 1997) (reversing the Board's decision to sustain the denial of a VERA when the appellant met the statutory requirements for the VERA but not an additional requirement that the Office of Personnel Management improperly imposed).

To the extent that the parties dispute the effect of the VERA on the appellant's retirement benefits, we decline to make a finding here. I-2 AF, Tab 18 at 8, Tab 19 at 9, 16. If the appellant believes that the agency has failed to comply with this order to grant her a VERA retirement application, she may file a petition to enforce the order consistent with the instructions below.

## ORDER

We ORDER the agency to grant the appellant's application for a VERA retirement. The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all

necessary information the agency requests to help it carry out the Board's Order. The appellant, if not notified, should have the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

This is the final decision of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113(c).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _Gina K. Grippando_
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.